(Pleito No. 177.—Fallado el 1º de Marzo de 1902.)

## Díaz contra Ramos Mencos.

Recurso contra sentencia dictada por la Corte de Distrito
de San Juan.

1.—Competencia de Juez. La competencia de un Juez que concurrió á dictar
la sentencia, no puede impugnarse en apelación después del juicio. Para
ello es necesario que haya sido recusado con causa legal y en tiempo
y forma, y que tal recusación se haya denegado, siendo procedente.

2.—Quebrantamiento de forma. Las faltas de forma deben impugnarse
al tiempo de ocurrir para que puedan alegarse en casación.

3.—Pruebas. Al pedir copias certificadas de documentos para presentar como prueba, es necesario precisar las notas ó documentos que se interesan para que por la autoridad judicial pueda apreciarse la pertinencia ó impertinencia de tal prueba.

4.—Citación de las partes para la votación de la sentencia. No era requisito legal la citación para la votación de la sentencia antes de promulgarse la Orden General No. 118 de 1899, la cual no se hacía extensiva á los pleitos pendientes á su publicación y en trámite posterior á la prueba.

SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á primero de Marzo de mil novecientos dos; en el juicio seguido en el antiguo Juzgado de 1ª Instancia de esta Capital y continuado después en el Tribunal de Distrito de San Juan por Don Antonio Ramos Mencos, y á su fallecimiento por la sucesión del mismo, contra el Presbítero Don Manuel Díaz Caneja, sobre cumplimiento de un convenio restitución de terrenos é indemnización de daños y perjuicios; pleito pendiente ante Nos, á virtud de recurso de casación por quebrantamiento de forma, interpuesto por el demandado, representado y dirigido por el Letrado Don Hilario Cuevillas Hernández, llevando la representación y defensa de la parte demandante el Letrado Don Manuel F. Rossy.—Resultando: Que en veinte y siete de Febrero de mil ochocientos ochenta y cinco el Presbítero Don Manuel Díaz Caneja promovió interdicto de retener la posesión de unas cincuenta cuerdas de terreno, de una finca de su propiedad, sita en el término municipal de Báyamón, colindante con otra denominada "San Patricio," perteneciente á Don Antonio Ramos, que era quien intentaba perturbarle en aquella posesión; y después de practicada la información ofrecida fueron convocadas las partes á juicio verbal, que se celebró en quince de Abril del mismo año en cuyo acto, á excitación del Juez que conocía el asunto, convinieron en transigir sus diferencias, estipulando someterlas á la decisión de los peritos geómetras que en el acto fueron designados, á saber, Don Armando Morales por Díaz Caneja, y Don Tulio Larrínaga por Ramos, debiendo ser nombrado por el Juzgado un tercero en caso de discordia

sobre el punto sometido á decisión, cual era determinar el verdadero curso natural de la quebrada "Margarita" como verdadera línea divisoria de las fincas "Pueblo Viejo" y "San Patricio," para lo cual los peritos tendrían á la vista los documentos que las partes les pusieran de manifiesto y las manifestaciones de las personas conocedoras del terreno presentadas por los interesados, incluyendo entre los documentos los que ya obraban en el interdicto, siendo también convenio que si en definitiva resultaba que el dictamen pericial señalaba un curso distinto del que entonces tenía la quebrada "Margarita," ó sea, por la parte del Este del seboruco del Rey, pagaría Ramos las costas causadas y que se causaran hasta la terminación del negocio; en el caso de que dicho curso resultara señalado por los peritos al Oeste del mencionado seboruco, serían entonces de cargo de Caneja las costas ya indicadas, transacción que aprobó el Juez en cuanto había lugar en derecho, ordenando en su consecuencia á las partes á estar y pasar por lo convenido.— Resultando: Que habiendo nombrado Don Antonio Ramos como perito á Don Juan Bautista Rodríguez en sustitución de Don Tulio Larrínaga, procedieron Rodríguez y Morales al desempeño de su cometido, y como no estuvieran conformes en el juicio pericial las partes convinieron en nombrar como tercero á Don Mariano Richard, quien emitió dictamen, después del cual pidió Díaz Caneja que se pasaran los autos á los anteriores peritos, á lo que proveyó el Juez no haber lugar; y traído el juicio á la vista, dictó sentencia en diez y seis de Octubre de mil ochocientos ochenta y seis, por la que declaró no haber lugar, sin perjuicio al interdicto propuesto por Don Manuel Díaz Canejas, con las costas á su cargo, y reservándole el ejercicio de la demanda de propiedad, que pudiera corresponderle con arreglo á derecho, sentencia que revocó el Tribunal de apelación, por la suya de diez y siete de Julio de mil ochocientos ochenta y ocho, por la que declaró sobreseído el interdicto de retener y terminado por voluntad expresa de las partes, á quienes se reservan los

derechos que les concede y determina el convenio transacción
por ellos realizado, sin especial condena de costas, ordenando
al Juez cuidara de ajustarse en la sustanciación de los
juicios y en la celebración de los actos que aquéllos motivaran,
al más exacto cumplimiento de las disposiciones legales
vigentes.—Resultando : Que en veinte y seis de Diciembre
del año siguiente de mil ochocientos ochenta y nueve, Don
Antonio Ramos y Mencos presentó escrito de demanda
contra el Presbítero Don Manuel Díaz Caneja, estableciendo
como hechos y fundamentos de derecho los que estimó
oportunos y concluyó con la súplica de que por sentencia
fuera condenado Díaz Caneja á estar y pasar por el deslinde
de la quebrada "Margarita," practicado por el perito tercero
Don Mariano Richard, como verdadera divisoria de la
hacienda "San Patricio" y la estancia "Pueblo Viejo abajo,"
declarando en su consecuencia, de la propiedad del deman-
dante, no sólo las cincuenta cuerdas de terreno á que
se refería el interdicto, sino treinta ó treinta y cinco cuerdas
más de que se había posesionado Díaz Caneja, y que con
aquéllas formaban un área de terreno de más de ochenta
cuerdas de extensión próximamente, radicadas en la colin-
dancia de la hacienda "San Patricio" y la estancia "Pueblo
Viejo abajo," y en el caso de que no hubiere lugar á
semejante declaratoria de propiedad, se declarara que les
correspondían en posesión, condenando en uno ú otro caso al
Presbítero Caneja á la restitución de dicho terreno con
los frutos producidos y debidos producir, desde el trece
de Febrero del año anterior, en que violentamente despojó
de él al demandante, á la reposición del curso de la quebrada
"Margarita" por donde corrían sus aguas al interponer
el interdicto, ó sea al Oeste del Seboruco del Rey, á la
indemnización de daños y perjuicios y al pago de todas
las costas ya causadas y que se causaran en lo sucesivo hasta
la terminación del pleito.—Resultando : Que el Presbítero
Don Manuel Díaz Caneja, al contestar la demanda, solicitó
se declarara :—1º La nulidad del convenio celebrado en

quince de Abril de mil ochocientos ochenta y cinco en el juicio verbal de interdicto de retener de que se deja hecho mérito.—2º La nulidad de todo el procedimiento subsiguiente á ese convenio, inclusos los dictámenes periciales y toda decisión judicial cuyos conceptos explícita é implícitamente se invoquen por Don Antonio Ramos para afirmar ó sostener la validez de aquel convenio.—3º La incompetencia de los Tribunales ordinarios por razón de la materia y del principio "ejus est tollere cujus est condere" para fijar ó modificar un lindero jurisdiccional, cual lo es el curso de la quebrada "Margarita," que también es lindero de las fincas de las partes litigantes, debiendo acudirse á la Administración pública para establecer ó aclarar el curso de la mencionada quebrada.—4º La improcedencia del ejercicio de una acción real de dominio y del derecho á poseer, derivado de un convenio nulo, contra quien ni es dueño, ni actual poseedor de la finca "Pueblo Viejo," por haberla vendido á Don Eduardo González Caneja, mediante escritura pública de cuatro de Enero de mil ochocientos noventa, y 5º La improcedencia de la reposición del curso de la quebrada "Margarita," que se solicita por la parte actora, como igualmente la improcedencia de la entrega de frutos é indemnización de daños y perjuicios, condenando en su consecuencia á Don Antonio Ramos á perpetuo silencio y al pago de todas las costas; y habiendo formulado reconvención, suplicó se declarara también que Don Manuel Díaz Caneja ha poseído la finca "Pueblo Viejo" por el lindero jurisdiccional ratificado en el deslinde de mil ochocientos ochenta y tres, y verificada entre los Ayuntamientos de Río Piedras y Bayamón estando presentes y conformes Ramos y Díaz Caneja, y por lo tanto, que poseyendo por sus linderos y dentro de la jurisdicción de Bayamón, poseyó bien y justamente el pedazo de terreno disputado por Ramos, quien por haber inquietado á Díaz Caneja en el disfrute de la posesión referida y obligádole á grandes gastos y costas, ha procedido contra derecho y debe indemnizarle de los perjuicios y

pagar todas las costas causadas y que se causen por la reconvención.—Resultando: Que Don Antonio Ramos, al replicar, reprodujo la súplica de su escrito de demanda, solicitando además se declarara que la escritura de venta de cuatro de Enero de mil ochocientos noventa, otorgada por Don Manuel Díaz Caneja á favor de su sobrino y mayordomo Don Eduardo González Caneja, cinco días después de haber sido citado y emplazado para el juicio, era nula y de ningún valor en la parte relativa al terreno discutido, si es que en realidad ha sido comprendido en la venta de la estancia "Pueblo Viejo," y no podía aquélla producir efectos eficaces á favor del Presbítero Caneja al objeto de sustraer dicho terreno á las resultas del fallo que se pronuncie, todo sin perjuicio de los derechos del comprador, que podrá hacerlos valer cómo y cuándo viere convenirle, declarándose, además, sin lugar la reconvención propuesta por Díaz Caneja, con las costas á cargo del mismo; y evacuando Díaz Caneja el trámite de súplica, reprodujo en todas sus partes la súplica final del escrito de contestación é interesó lo mismo que la parte actora, que se recibiera el juicio á prueba, como así se acordó por providencia de ocho de Abril de mil ochocientos noventa.—Resultando: Que al articular pruebas Don Antonio Ramos, propuso, entre otras, se librara oficio al Alcalde de Río Piedras para que por el Secretario de aquel Ayuntamiento, con vista de los antecedentes que en el archivo municipal existieran, se certificara si de ellos aparecía que Don Antonio Ramos y Mencos era dueño de una hacienda de cañas situada en el barrio de Monacillos de aquel término municipal, denominada "San Patricio", siendo parte integrante de los terrenos de la misma un seboruco que se titula del Rey, situado al Este de la quebrada Margarita; y admitida esa prueba, se expidió por el Secretario del Ayuntamiento de Río Piedras con fecha veinte y dos de Mayo de mil ochocientos noventa, la certificación solicitada, firmada por aquél con el V? B? del Alcalde.—Resultando: Que agregada á los autos la certifi-

cación de referencia, presentó escrito la parte de Díaz Caneja, con fecha veinte y ocho de Mayo de mil ochocientos noventa, acompañando una carta del Alcalde de Río Piedras con certificación expedida por el Secretario del Ayuntamiento de dicho pueblo en veinte y cuatro de Mayo citado, expresiva de haberse promovido en cuatro de Marzo anterior por Don Antonio Ramos una información para justificar por medio de testigos que el seboruco denominado del Rey, situado al Este de la quebrada Margarita es parte integrante de los terrenos de la hacienda "San Patricio," de la propiedad de Ramos, y que esos terrenos pertenecen al término municipal de Río Piedras, en cuya información declararon en sentido afirmativo sobre los extremos indicados tres testigos, sin que fueran citados los colindantes de los terrenos de Ramos, habiéndose expedido certificación sobre el asunto en cumplimiento de un oficio del Juzgado de 1ª Instancia de esta Capital; y en aquel escrito solicitó Caneja que como complemento y contraste de la prueba practicada á instancia de Ramos, se remitiera al Alcalde de Río Piedras la certificación presentada, con copia de la expedida á instancia de Ramos, para que igualmente certificara si los antecedentes á que se refería la certificación de Ramos eran los mismos que se indicaban en la certificación presentada por Díaz Caneja, y en el caso de existir otros antecedentes certificara cuales fueran; á cuyo escrito proveyó el Juzgado en treinta de Mayo no haber lugar á lo solicitado, por no haberse propuesto en tiempo la prueba á que se refiere.—Resultando: Que contra esa providencia de treinta de Mayo ejercitó la parte de Díaz Caneja recurso de reposición, solicitando al propio tiempo que en el caso de no accederse á ella, se le admitieran en harmonía con lo que dispone el artículo 505 de la Ley de Enjuiciamiento Civil, los documentos presentados, porque si bien eran de fecha posterior á los trámites de demanda y contestación, se referían, la carta á un hecho ocurrido últimamente y la certificación á una información testifical practicada á instancia de Ramos para prepararse

una prueba, de cuyo documento no tuvo conocimiento hasta que por la Alcaldía de Río Piedras se le aseguró su existencia, como así lo juraba, interesando, además, que admitidos dichos documentos, si la parte contraria impugnaba su autenticidad, se remitieran á la expresada Alcaldía para que informara el Alcalde si realmente los expidió y si realmente había otros antecedentes más que la información testifical referida; y tramitado el recurso interpuesto, fué denegada la reposición por auto de doce de Junio, y se confirió traslado de los documentos presentados á la parte contraria por término de seis días á los efèctos de los artículos 507 y siguientes de la Ley de Enjuiciamiento Civil.—Resultando: Que la parte de Don Antonio Ramos, al evacuar el traslado conferido, impugnó la admisión de los documentos presentados, después de lo cual recayó auto en veinte y seis de Junio citado, denegando aquella admisión por el fundamento de que si bien la parte demandada prestaba juramento de no haber tenido noticia de la existencia de la información á que se refería la certificación presentada, no se limitaba á solicitar simplemente su admisión, sino que se extendía á formular una completa proposición de prueba, pidiendo que al admitirse el documento, si la parte contraria impugnaba su autenticidad, se remitiera á la Alcaldía de Río Piedras á los fines ya expresados. —Resultando:  Que también la representación de Díaz Caneja presentó otro escrito en treinta de Mayo de mil ochocientos noventa, manifestando que á última hora había tenido conocimiento, como así lo juraba, de que en la Escribanía de Don Maximino Aybar existío un expediente de apeo y deslinde de las posesiones de "San Patricio" y "Pueblo Viejo," hecho en mil ochocientos cincuenta y tres, entre Don Antonio Ramos y Don José Martínez Díaz, cuyo expediente más bien era una de las piezas de los autos, en· que existían documentos muy importantes que habían de ilustrar grandemente la cuestión que se ventilaba en el pleito, al cual podían traerse, según lo preceptuado por el párrafo 2º del artículo

505 de la Ley de Enjuiciamiento Civil, pero que como el Escribano se negaba á exhibir los indicados autos en su oficio sin previa autorización del Juzgado, suplicaba se ordenara que Don Maximino Aybar le pusiera de manifiesto los mencionados autos en la Escribanía para sacar de ellos las notas oportunas y necesarias á la defensa de Díaz Caneja. quien estaría presente al acto; á cuyo escrito recayó providencia en la misma fecha, declarando no haber lugar á la pretensión formulada, por tratarse de la exhibición de actuaciones en que no había sido parte el Presbítero Díaz Caneja en consonancia con el artículo 518 de la Ley de Enjuiciamiento Civil. — Resultando: Que de esa providencia pidió reposición Díaz Caneja, solicitando además que en el caso de no accederse á ella, se librase mandamiento al Escribano Don Maximino Aybar, para que sacara y remitiera copia certificada de los documentos que aquél designaría en el acto de ponérsele de manifiesto los autos de que había hecho mérito, á cuyo fin invocaba el derecho que le concedía el artículo 505 de la Ley de Enjuiciamiento Civil, pues declaraba y juraba no haber tenido antes conocimiento de la existencia de los documentos á que se refería; y tramitado el recurso de reposición ejercitado sin que la parte contraria evacuara el traslado que le fué conferido, desestimó el Juzgado por auto de catorce de Junio siguiente dicha reposición y en atención á que no se precisaban el documento ó documentos que habían de traerse al juicio, declaró también no haber lugar á librar al Escribano Aybar el mandamiento solicitado.—Resultando: Que contra la segunda parte del auto de catorce de Junio ejercitó también la parte de Díaz Caneja recurso de reposición que igualmente le fué denegado por auto de veinte y siete del mismo mes.—Resultando: Que unidas á los autos las pruebas practicadas y notificadas de ello las partes, solicitó la de Don Antonio Ramos la celebración de vista pública por estimarla preferible al informe oral; y no habiendo estado conforme la parte de Díaz Caneja con

semejante pretensión, la desestimó el Juzgado por providencia de veinte y dos de Octubre de mil ochocientos noventa y dos, mandando además que se entregaran los autos á las partes por término de veinte días para que evacuaran el trámite de conclusión cuya entrega se hizo á la representación de Don Antonio Ramos el veinte y siete de Octubre citado.—Resultando : Que en veinte y dos de Octubre de mil ochocientos noventa y seis el Procurador de Don Antonio Ramos dió escrito al Juzgado, manifestando que hacía algún tiempo había fallecido su poderdante en Santurce, por lo que suplicaba se diera por terminada su representación en el juicio, disponiendo se librara despacho al Juez Municipal del Distrito de San Francisco para que remitiera certificación literal del acta de defunción de Ramos, y agregado al juicio dicho documento, se ordenara la citación de los herederos del finado por el término que se señalara, con apercibimiento de lo que hubiere lugar, de conformidad con lo que previene el número 7º del artículo 9º de la Ley de Enjuiciamiento Civil, á cuyo escrito recayó providencia, expresiva de que la parte acreditara el fallecimiento de Ramos, y con el resultado se proveería; en vista de lo cual la representación de Ramos presentó escrito acompañando certificación con la que acreditó el fallecimiento de su poderdante, ocurrido en quince de Enero de mil ochocientos noventa y cuatro, y solicitó se proveyera lo demás que procediera y tenía solicitado en su anterior escrito; habiendo recaído entonces providencia con fecha doce de Noviembre, por la que se dispuso que designados que fueran los herederos de Ramos y el domicilio de los mismos, se proveería.—Resultando: Que sin que se hubiera dado cumplimiento á la providencia anteriormente expresada, Don Manuel F. Rossy, como abogado de la sucesión de Don Antonio Ramos, acudió al Tribunal del Distrito de San Juan por escrito de dos de Mayo de mil novecientos, manifestando que el pleito se encontraba en 1ª Instancia, pendiente del trámite de conclusiones para ser fallado, y según el párrafo 15 de la

Orden General número 118, se estaba en el caso de fallarlo previa vista pública, por lo que suplicó se señalara día para dicha vista con citación de la otra parte, á lo que se accedió por providencia del día cuatro del mismo mes, acordada por los señores del Tribunal y rubricada por el Presidente, sin que se expresen sus nombres, señalándose para la vista el día veinte de Julio y subsiguientes hábiles necesarios, providencia que fué notificada al Letrado Rossy y al Presbítero Don Manuel Díaz Caneja, citándose á uno y otro para la vista dispuesta, la que se celebró en la fecha designada de veinte de Julio ante el Tribunal compuesto de los Sres. Don Angel Acosta, como Presidente, y Don Felipe Cuchí y Don Juan Hernández López, como Jueces Asociados, con la sola asistencia del Letrado de la sucesión de Don Antonio Ramos, que fué citado para la votación de la sentencia, la que tuvo lugar el veinte y cuatro del propio Julio, sin que Don Manuel Díaz Caneja utilizara recurso alguno contra la providencia de cuatro de Mayo y actos subsiguientes del expresado Tribunal.—Resultando: Que el Tribunal de San Juan, por sentencia de veinte y nueve de Julio de mil novecientos, condenó á Don Manuel Díaz Caneja á tener como guardarrayas de las fincas de "Pueblo Viejo abajo" y "San Patricio" el curso natural de la quebrada "Margarita" por donde corría antes de interponerse el interdicto, á cuyo estado debe reponerse, ó sea desde el extremo Norte del palenque de emajagua á pasar por entre los seborucos de "Mala tierra" y del Rey por el lado Oeste de este último, que pertenece á "San Patricio," en dirección al pajorial en donde se riegan las aguas para salir luego al río Puerto-nuevo; debiendo devolver Díaz Caneja á Ramos, hoy su sucesión, el terreno de que se apoderó, calculado en unas ochenta cuerdas, situado entre la quebrada por su curso natural al Oeste del seboruco del Rey, el río Puerto-nuevo, el palenque de emajagua y el charco de las yaguasas, cuyo terreno poseía antes el demandante y constan sus colindancias en la anotación del Registro de la Propiedad, con sus frutos

producidos y debidos producir desde el trece de Febrero del ochenta y ocho,. y pago de todas las costas.—Resultando: Que contra esa sentencia ha interpuesto Don Manuel Díaz Caneja recurso de casación por quebrantamiento de forma y por infracción de ley, autorizado el primero, que es el que se ha sustanciado, por los números 1º, 2º, 4º, 5º, 6º, 7º y 8º del artículo 1,691 de la Ley de Enjuiciamiento Civil, alegando como quebrantamientos de formas los siguientes: 1º Que habiendo solicitado el Procurador ó representación de Don Antonio Ramos, en escrito de veinte y dos de Octubre de mil ochocientos noventa y seis, que se citara á los herederos de Ramos para que vinieran al juicio, se acordó en providencia de doce de Noviembre que, designados que fueran dichos herederos y el domicilio de los mismos, se proveería, cuya providencia quedó cometida ó firme, sin que después aparezca en los autos nada que indique su cumplimiento, por lo cual si bien es cierto que un letrado se dice representante de la sucesión de Don Antonio Ramos, como no acredita quienes son los componentes de esa sucesión, resulta claro que no se ha emplazado á las partes que han debido ser citadas para el juicio, incurriéndose así en el defecto de forma que marca el número 1º del artículo 1,691 de la Ley de Enjuiciamiento Civil.—2º Que á nadie puede representarse en un pleito sin tener la representación que corresponde en derecho; por lo que aunque el Letrado Rossy, se dice representante de la sucesión de Don Antonio Ramos, como la palabra sucesión indica representación y la representación no se justifica sino por un poder, por un testamento, ó por un derecho judicial, cuyo título no se ha presentado, es consiguiente que las personas á quienes puede referirse el Letrado Rossy, carecen de la representación de Don Antonio Ramos, y por tanto existe el defecto de forma comprendido en el número 2º del artículo 1,691 de la Ley de Enjuiciamiento Civil.—3º Que ignorándose, como se ignora, quienes son las personas que constituyen la sucesión de Don Antonio Ramos, esa sucesión no puede decirse citada para sentencia, como tampoco fué citada para ella en

forma legal, Don Manuel Díaz Caneja, por más que la providencia de cuatro de Mayo de mil novecientos, señalando día para la vista, le fuera notificada en los momentos en que se dirigía á bordo del barco que había de llevarle á España, pues ni el escrito de dos de Mayo, que dió ocasión á dicha providencia, tiene fecha de presentación, ni se acompañó copia de él, ni se dió esa copia á Caneja, ni se puso nota de presentación con expresión de lo conducente, ni se extendió diligencia de dar cuenta al Tribunal expresando el día en que se hacía, ni tampoco se dió conocimiento á las partes del Magistrado que debía ejercer las funciones de suplente; habiendo ocurrido, además, que la vista del juicio se celebró en veinte de Julio con un Magistrado suplente y asistencia del Letrado Don Manuel F. Rossy, quien no justificó su representación, consignándose á pesar de ello que quedaba citada para la votación, la única parte que había comparecido, sin que se citara para ese acto á Caneja, con infracción de la regla 65 de la Orden General número 118, con lo cual se ha cometido el quebrantamiento de forma comprendido en el número 4? del artículo 1,691 de la Ley de Enjuiciamiento Civil.—4? Habiéndose denegado sin derecho las pruebas relativas á la admisión de la certificación expedida por la Alcaldía de Río Piedras, en veinte y cuatro de Mayo de mil ochocientos noventa, que se acompañó con escrito de veinte y ocho del mismo mes, y denegándose igualmente el libramiento de un mandamiento al Escribano Don Maximino Aybar, para que expidiera copia certificada de documentos que interesaba la defensa de Díaz Caneja, denegatoria que producía indefensión, se incurrió también en el quebrantamiento de forma comprendido en el número 5? del artículo 1,691 de la Ley de Enjuiciamiento Civil, habiendo reclamado en tiempo oportuno contra ese quebrantamiento, pues se utilizó el recurso de reposición contra aquella denegatoria, quedando á la parte expedito el derecho de promover dichas pruebas en segunda instancia, la cual quedó abolida por la Orden General número 118.—5? Habiéndose establecido en

el juicio, como punto á decidir por el Tribunal, la falta de competencia para fijar el curso natural de la quebrada "Margarita," que no sólo era lindero aceptado por ambas partes, sino también lindero jurisdiccional de los pueblos de Bayamón y Río Piedras, el Tribunal *a quo*, al decidir cuestión que no es de su competencia, por ser materia administrativa, incurrió en el quebrantamiento de forma, marcado en el párrafo 6º del artículo 1,691 de la Ley de Enjuiciamiento Civil.—6º  Como las partes tienen derecho de conocer en tiempo los Jueces que han de juzgar, para establecer si les conviniere reclamación sobre recusación y á Don Manuel Díaz Caneja, no se le notificó en tiempo alguno que el Tribunal estaba incompleto, que debía nombrarse un suplente, y que ese suplente era el Licenciado Don Juan Hernández López, es claro que Caneja no tuvo términos hábiles para ejercitar el derecho de recusar, y por consiguiente la permanencia en el Tribunal de un Magistrado no aceptado implica la realidad del quebrantamiento de forma que define el número 7º del artículo 1,691 de la Ley de Enjuiciamiento Civil.—7º  Como consecuencia de lo anteriormente expuesto, sólo contribuyeron á dictar sentencia dos Magistrados hábiles, y por tanto menor número de Jueces que el señalado por la ley, contraviniéndose así lo dispuesto en los artículos 325, 326, 327 y 328 de la Ley de Enjuiciamiento Civil, é incurriendo en el quebrantamiento de forma comprendido en el número 8º del artículo 1,691 de la propia ley.—Visto, siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando :  Que al dictar el Tribunal de Distrito de San Juan la providencia de cuatro de Mayo de mil novecientos, señalando el día veinte de Julio y siguientes hábiles que fueran necesarios para la vista del pleito, según lo había solicitado el Letrado Don Manuel F. Rossy, como abogado de la sucesión de Don Antonio Ramos, de hecho tuvo á esa sucesión como personada en el juicio é igualmente admitió la personalidad de dicho letrado como representante de ella, y como aquella providencia fué notificada en el propio día de su fe-

cha á Don Manuel Díaz Caneja, sin que contra la misma
ejercitara recurso alguno, es claro que las faltas de formas
que se alegan, como comprendidas en los números 1º y 2º del
artículo 1,691 de la Ley de Enjuiciamiento Civil, no fueron
reclamadas oportunamente, como debió hacerse, según el ar-
tículo 1,694, para que con arreglo á lo prescrito en los 1,750
y 1,751 de la ley citada, pudiera darse lugar á la casación
por los motivos de falta de emplazamiento y falta de perso-
nalidad de alguna de las partes del juicio.—Considerando:
Que no habiéndose pedido en tiempo la subsanación de la
falta de personalidad de la sucesión Ramos ó del letrado que
compareció á representarla y habiendo sido citado dicho
letrado para la vista del pleito, como también lo fué Don
Manuel Díaz Caneja, sin que tampoco se reclamara contra
esas citaciones, es obvio que con arreglo al artículo 1,694 de
la Ley de Enjuiciamiento Civil, es igualmente improce-
dente la casación por el motivo comprendido en el nú-
mero 4º del artículo 1,691 de la ley expresada, ó sea por
falta de citación de ambas partes para sentencia definitiva
y que por lo que atañe á la falta de citación de Diaz Caneja
para la votatión de la sentencia, no es aplicable al pleito la
disposición 65 de la Orden General número 118 de mil ocho-
cientos noventa y nueve, en la parte que se supone infrin-
gida, pues según la disposición 15ª de dicha Orden General,
los pleitos pendientes á su publicación y en tramite posterior
á la prueba debían ser concluídos y fallados por las Cortes de
Distrito con arreglo á la ley hasta entonces vigente y previa
vista pública, ley que no exigía ni la votación pública ni
la citación de las partes para sentencia después de terminada
la vista.—Considerando:  Que de las pruebas denegadas al
Presbítero Don Manuel Díaz Caneja, en cuya denegatoria
también se funda el recurso, como comprendido en el número
5º del artículo 1,691 de la Ley de Enjuiciamiento Civil, una
de ellas, ó sea la relativa á que por el Escribano Don Maxi-
mino Aybar se le pusiera de manifiesto un expediente de
apeo y deslinde de las posesiones de "San Patricio" y "Pueblo

Viejo," hecho en mil ochocientos cincuenta y tres, ó que de no accederse á ello se librara mandamiento á dicho Escribano para que remitiera copias certificadas de los documentos que designaría Díaz Caneja al ponerle de manifiesto aquel expediente, era á todas luces improcedente por no precisarse las notas ó documentos que interesaba Díaz Caneja, requisito necesario para que por la Autoridad Judicial, única competente, se apreciara la pertinencia ó impertinencia de tal prueba, y por lo que atañe á la otra que tenía por objeto efectuar el valor probatorio de la certificación del Secretario del Ayuntamiento de Rio Piedras sobre ser parte integrante de la hacienda "San Patricio" un seboruco que se titula del Rey situado al Este de la quebrada "Margarita," según antecedentes que existían en el archivo municipal del referido pueblo, aun en el supuesto de que tal prueba fuera admisible según las leyes, es lo cierto que la práctica de ella no hubiera variado el resultado de los numerosos y variados elementos probatorios aportados al pleito, ni consiguientemente ha podido producir indefensión que es condición especial para que proceda en semejante caso al recurso de casación por quebrantamiento de forma.— Considerando: Que no es de aplicación al caso de autos el número 6º del artículo 1691 de la Ley de Enjuiciamiento Civil, que es otro de los fundamentos del recurso, pues la parte recurrente alega incompetencia por razón de la materia, ó sea, por entender que á la administración pública incumbe fijar el curso natural de la quebrada "Margarita," lindero de las fincas de "Pueblo Viejo" y "San Patricio," y á la vez límite jurisdiccional de los pueblos de Bayamón y Rio Piedras, y por consiguiente, dicha incompetencia daría lugar en su caso al recurso de infracción de ley, comprendido en el número 6º del artículo 1,690 de la citada ley procesal.—Considerando: Que el motivo de casación invocado como comprendido en el número 7º del repetido artículo 1,691, tampoco es procedente, pues para ello hubiera sido necesario que el Letrado Don Juan Hernández López, quién en concepto

de Juez Asociado Suplente concurrió al dictar la sentencia recurrida, hubiera sido recusado con causa legal y en tiempo y forma, y que tal recusación se hubiera denegado, siendo procedente, circunstancias que no han concurrido en el juicio de que se trata.—Considerando : Que también es de desestimarse el recurso como comprendido en el número 8º del artículo 1,691 de la Ley de Enjuiciamiento Civil, ó sea por haber sido dictada la sentencia por menor número de Jueces que el señalado por la ley, pues el Letrado Don Juan Hernández López, que en concepto de Juez Asociado suplente, formó Sala con los Jueces Asociados Don Felipe Cuchí y Don Angel Acosta, estaba en condiciones de juzgar, mientras no se alegara y justificara causa alguna en contrario, lo que no ha sucedido por más que el Presbítero Díaz Caneja pudo atacar su jurisdicción en el acto de la vista para la cual se le citó con mucha anticipación, habiendo concurrido en su consecuencia á dictar sentencia el número de jueces que la ley exige.—Fallamos : Que debemos declarar y declaramos no haber lugar al recurso de casación por quebrantamiento de forma, interpuesto por el Presbítero Don Manuel Díaz Caneja, al que condenamos en las costas ; lo que se comunicará al Tribunal del Distrito de San Juan, y dése cuenta oportunamente para sustanciar el recurso por infracción de ley.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José Mª Figueras.—Louis Sulzbacher. —J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á primero de Marzo de mil novecientos dos.—E. de J. López Gaztambide, *Secretario*.